ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00404-CMA-MJW

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN, and
RON WILEY,

    Defendants.

---

**PROTECTIVE ORDER** (Docket No. 40-2)

---

    Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY (collectively "CONFIDENTIAL Information") shall be information that is confidential and implicates prison security and safety, the institutional adjustment of Plaintiff, and/or law enforcement techniques. CONFIDENTIAL Information shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections granted by this Protective Order shall not be waived.

4. Documents, materials, and/or information pertaining to the sensitive and limited official-use only records of the Bureau of Prisons are designated as CONFIDENTIAL by marking them "CONFIDENTIAL."

5. Documents, materials, and/or information pertaining to the sensitive and official-use only records of the Bureau of Prisons that cannot be released to Plaintiff are designated as CONFIDENTIAL by marking them "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

6. CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY information shall not be disclosed to or discussed with Plaintiff.

7. CONFIDENTIAL Information may be reproduced electronically for litigation management purposes only. Electronically reproduced CONFIDENTIAL Information must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

8. CONFIDENTIAL Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. persons hired on a contract basis to assist the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. witnesses during deposition;

f. the Court, and necessary Court staff, pursuant to Paragraph 12; and

g. other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 12(c), 12(d), 12(e), and/or 12(g), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to <u>in camera</u> review by the Court if good cause for review is demonstrated by the opposing party.

10. If additional disclosure is needed of CONFIDENTIAL Information, counsel for Plaintiff will contact counsel for Defendants to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within ten (10)

business days, either party may file an appropriate motion with the Court. Said motion may request <u>in camera</u> review of the CONFIDENTIAL Information.

[Margin annotation: Consistent with DC Col LCivR 7.2 And 7.3.]

[Margin annotation: M gr, 12-9-08]

11. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective

[Margin annotation: Consistent with D.C. Col LCivR 7.2 And 7.3]

[Margin annotation: M gr, 12-9-08]

-4-

Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may agree to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 9th day of December, 2008.

BY THE COURT:

_____
United States Magistrate Court Judge

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**